AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration Between

LUCIA MARCIANO,

                       Complainant,

-and-

DCH AUTO GROUP, BERNARD FEE, and
BRIAN LAM,

                       Respondents.

AAA Case No.
01-14-0000-2254

DISPOSITION OF MOTION
TO DISMISS CLAIMANT'S
AMENDED DEMAND
FOR ARBITRATION

Before SHEILA S. COLE, Impartial Arbitrator

Appearances:

    LUCIA MARCIANO                               *Pro Se*

    GENOVA BURNS LLC                      For Respondent
    KATHLEEN BARNETT EINHORN, ESQ.   Of Counsel
    JENNA M. BEATRICE, ESQ.

## DISCUSSION

On July 19, 2016, Respondents' request for leave to move to dismiss this matter was granted by the arbitrator. Respondents submitted their motion, which was due August 18, 2016, on August 11, 2016. Claimant's response to the motion was due September 19, 2016. Claimant's request to extend the date for her response was granted and she submitted her response on the new due date of October 3, 2016.

The EEOC issued a Notice of Charge of Discrimination on behalf on Claimant to DCH Pace BMW on or about May 26, 2010. The Charge alleged disability discrimination under the Americans with Disabilities Act (ADA) and retaliation.

Respondents allege that DCH terminated Claimant's employment on March 30, 2011, because she refused to engage in the interactive process. On October 4, 2011, the EEOC issued a Dismissal and Notice of Rights. Thereafter, on December 27, 2011, Claimant filed a Complaint for Employment Discrimination in the Southern District of New York (SDNY) against DCH, which alleged violations of Title VII of the Civil Rights Act of 1964 (Title VII), the ADA, and the New York State Human Rights Law. On December 20, 2012, Claimant amended her complaint to include Bernard Fee and Brian Lam as individual respondents. The amended complaint alleged the following causes of action: (i) wrongful termination; (ii) gender discrimination in violation of Title VII; (iii) retaliation in violation of Title VII; (iv) gender discrimination; (v) retaliation; (vi) negligent infliction of emotional distress; (vii) negligent hiring, retention, and supervision; and (viii) disability discrimination and violations of the ADA.

On January 5, 2012, the EEOC issued a second Notice of Charge of Discrimination. In that Charge, Claimant alleged that DCH terminated her employment in retaliation for filing the May 2010 discrimination charge.

On April 17, 2012, Claimant requested that the SDNY grant a 120-day extension of time in which to serve DCH, which the Court granted. On August 15, 2012, Claimant requested an additional 120-day extension of time to effect service, which the SDNY granted. On October 20, 2012, Claimant requested an additional extension of time (sixty days) to effect service, which the Court granted. On November 27, 2012, Claimant requested another sixty-day extension of time to effect service, which was granted.

On March 28, 2013, the EEOC issued a Notice of Right to Sue, which required Ms. Marciano to file her claim within ninety days.

By March 19, 2013, Claimant had obtained legal representation. Claimant advised the Court that the Defendants in the case had not yet been served, and asked that the Rule 16(f) conference be adjourned until the Defendants have been served. On May 31, 2013, Claimant requested a two-week extension of time to consider the Defendants' request that she voluntarily dismiss her complaint and refile in arbitration. The SDNY granted this extension request.

On April 8, 2013, Claimant filed a Second Amended Complaint against Respondents in the SDNY. On April 16, 2013, Claimant filed a Third Amended Complaint against Respondents, which alleges violations of Title VII, the ADA, and the New York State Human Rights Law.

On July 1, 2013, Respondents filed a Motion to Compel Arbitration and to dismiss Claimant's Third Amended Complaint based on Claimant's execution of DCH's employment application, which included a mandatory arbitration agreement. On July 3, 2013, Claimant requested an eighteen-day extension of time in which to respond to the Motion, to which Respondents consented. The Court granted Claimant's request. On March 31, 2014, the SDNY granted Respondents' Motion and stayed the case pending arbitration.

On April 16, 2014, Claimant filed a Notice of Demand for Arbitration with the American Arbitration Association (AAA) against DCH only. DCH filed an Answering Statement in response on August 15, 2014. Also on August 15, 2014, DCH submitted its arbitrator selection to the AAA. On September 4, 2014, Claimant requested additional time to submit any objections to the appointment of the arbitrator. By email message dated September 10, 2014, Claimant advised the AAA that she was seeking new counsel and requested that she be permitted to submit any objection to appointment of the arbitrator until after she had retained new counsel. The next day, the AAA granted a seven-day extension until September 18, 2014 for submission of any objection to appointment of the arbitrator. The AAA also advised Claimant that no additional extension of time would be granted without party consent. On September 18, 2014, John

A. Beranbaum, Esq., Claimant's counsel, informed the AAA that he was no longer representing Claimant in this matter. On October 20, 2014, pursuant to agreement of the parties, the AAA placed this matter in abeyance for sixty days in order to allow Claimant to retain new counsel. On December 18, 2014, the AAA granted Claimant's request for an additional extension of time for submission of any objections to appointment of the arbitrator, affording Claimant more time in which to obtain new counsel. At that time, the AAA informed Claimant that no additional extensions would be granted without agreement of the parties.

On February 9, 2015, the SDNY granted Claimant's then-counsel's Motion to Withdraw as Counsel.

This arbitrator was appointed to the matter on February 19, 2015. On February 23, 2015, Claimant asked the AAA to postpone administration of the matter for sixty days so that she could retain new counsel. Respondent objected to that request. On February 26, 2015, the AAA advised the parties that Claimant could bring her request up with the arbitrator upon confirmation of her appointment. On March 2, 2015, the arbitrator granted Claimant's request for a sixty-day stay of administration. By email message dated March 2, 2015 to the AAA, the arbitrator requested that the AAA "advise the parties that this is the only request by Claimant for a stay of administration of the case for the purpose of retaining counsel that [she] will grant." Respondents' Exhibit 60. On May 5, 2015, the AAA advised the parties that the stay of administration had been completed and requested that the parties participate in a Case Management Conference.

On March 4, 2015, Claimant requested that the SDNY adjourn its March 13, 2015 conference in order to allow her to obtain new counsel. The SDNY adjourned the conference to May 13, 2015, and ordered Mr. Beranbaum to respond to Claimant's letter to the Court. After another request for adjournment, this time by DCH, due to a scheduling conflict, a status conference was held on May 19, 2015. On that date, the Court vacated its February 9, 2015 Order granting attorney Beranbaum's Motion to Withdraw as Counsel.

5

On June 17, 2015, the parties participated in a scheduling conference with the arbitrator. On June 19, 2015, the parties agreed upon a Scheduling Order, which was executed by the parties' respective counsel. Pursuant to this Order, the parties agreed that answers to Interrogatories and Requests for Documents would be due on September 14, 2015.

On July 1, 2015, Claimant filed a Motion to Amend her Demand for Arbitration to include Lam and Fee as Respondents. DCH opposed the Motion. On September 8, 2015, the arbitrator issued a decision in favor of Claimant, which permitted Claimant to amend her Demand for Arbitration to include Lam and Fee as Respondents.

The parties proceeded to exchange discovery requests pursuant to the Scheduling Order. On September 2, 2015, however, Claimant's attorney requested a three-week extension of time to respond to discovery requests, and Respondents' counsel agreed. On September 28, 2015, Claimant's attorney requested another three-week extension to respond to discovery requests. Thereafter, with permission of the arbitrator, the parties entered into an updated Scheduling Order on October 27, 2015. Pursuant to the Amended Scheduling Order, the parties were to provide responses to discovery requests by November 30, 2015. Depositions were scheduled to be conducted no later than March 15, 2016, and expert witness reports were due on April 1, 2016. Pre-hearing briefs were due on May 13, 2016, and the hearing of the matter was scheduled to commence on June 6, 2016.

On December 2, 2015, Respondents provided responses to Claimant's First Set of Interrogatories and First Request for Production of Documents. Respondents also provided 616 documents in response to Claimant's request. By letter of December 18, 2015, Respondents notified Claimant that her production and responses were deficient, including her failure to produce the requested executed HIPPA authorization form, which would have enabled Respondents to obtain Claimant's medical records. Respondents requested that the deficiencies be cured by January 11, 2016.

On February 2, 2016, the SDNY granted Mr. Beranbaum's Motion for Leave to Withdraw as Counsel. The Court directed Claimant to advise the Court whether she intended to retain new counsel or proceed *pro se* within thirty days of the Order. By letter dated March 1, 2016, Claimant advised the Court that she intended to retain new counsel. On March 2, 2016, Claimant requested that the AAA place the arbitration in abeyance for ninety days to enable her to secure new counsel. On March 23, 2016, pursuant to Ms. Marciano's request, the AAA placed the arbitration in abeyance until May 31, 2016. On May 31, 2016, Claimant requested an additional sixty-day extension of time in which to retain new counsel. Respondents objected to the request and, on June 17, 2016, the arbitrator denied Claimant's request for additional time.

Respondents wrote to Ms. Marciano on June 21, 2016, advising her of her continued deficiency, and requesting that the deficiencies be cured by July 5, 2016. By email message dated July 4, 2016, Ms. Marciano informed Respondents that she was away and unable to respond at that time and that she would respond as soon as possible after July 19, 2016.

On July 19, 2016, the arbitrator granted Respondents' request for leave to move to dismiss the matter. Respondents' motion was due by August 18, 2016, and Claimant's response was due by September 19, 2016. In a September 13, 2016 email message to the AAA in advance of the date her response to Respondents' motion was due, Claimant stated that she was away and had limited access to email and, at times, it was difficult for her to respond, and because she did not have access to certain files and documents, and because she would be away until September 24, 2016, she requested "an extension of time to be able to provide the evidence as attachments to her submission. Claimant attached to the September 19, 2016 email message to the AAA, a preliminary response to the Motion to Dismiss. The arbitrator granted Claimant an extension until October 3, 2016. On that date, Claimant submitted her response to Respondents' Motion to Dismiss, together with eighteen exhibits in support of her response.

Respondents argue that Claimant's numerous requests for adjournment over the course of several years warrant dismissal of the demand for arbitration under Fed. R. Civ. Pro. 41(b) for failure to prosecute her claims. Respondents submit that, "[t]he primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently." Lyell Theatre Cor. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Respondents assert that due diligence is imposed upon the plaintiff "because of the strong policy favoring prompt disposition of cases," and because "prejudice to defendants resulting from unreasonable delay may be presumed." Id.

Courts generally consider the following non-dispositive factors in determining whether dismissal under Fed. R. Civ. Proc. 41(b) is warranted:

(1) The plaintiff's failure to prosecute caused a delay of significant duration;
(2) The plaintiff was given notice that further delay would result in dismissal;
(3) The defendant was likely to be prejudiced by further delay;
(4) The need to alleviate court calendar congestion balanced against the plaintiff's right to an opportunity for a day in court; and
(5) The efficacy of lesser sanctions.

[Lewis. 564 F.3d at 576.]

Respondents note that the issues underlying this matter have been in dispute since Ms. Marciano made her initial filing with the EEOC in 2010. The matter has been in arbitration since April 2014. Despite more than two years of arbitration, however, the parties are still in the written discovery stage. Respondents attribute this slow progress to the nine requests for adjournments and/or extensions granted to Claimant in arbitration alone. Claimant's most recent request of May 31, 2016 was denied and the parties were instructed to move forward. Thereafter, Respondents issued a second notice to Claimant demanding that the deficiencies in her written discovery and document production be cured. In addition, Respondents again requested that Claimant produce an executed HIPPA authorization form, enabling Respondents to obtain her medical records. Thereafter, Claimant again requested additional time to respond to Respondents' demand that she cure her deficiencies. Respondents note that, as the hearing dates were rescheduled to early June 2016, this entire arbitration proceeding should have been

concluded by this time. Respondents aver that Claimant is continuing her inexcusable practice of stringing along this action with no indication that she will proceed with the administration of this matter.

Respondents anticipate that Claimant will argue that some of the delays should be excused, particularly the initial delays regarding discovery, because they were related to the failing of her counsel. Respondents note that it is well established that the conduct of an attorney is imputed to his or her client. See, Van Gordon v. Sharinn & Lipshie, P.C.., 993 F. Supp. 2d 261, 263-64 (E.D.N.Y. 2014). A different rule, in Respondents' view, would allow a party to evade the consequences of acts or omissions of his or her freely selected agent, which would be contrary to the system of representative litigation in which each party is deemed bound by the acts of his or her lawyer-agent. Id.

Claimant was on notice that further delay would result in dismissal. While Respondents have attempted to accommodate Claimant's requests, they have also been vocal in their opposition to her extensive delay tactics. On December 18, 2015, Respondents issued written notice to Claimant that she was deficient in her written discovery responses and document production. They further demanded that Claimant execute and return the written HIPPA authorization form. Respondents provided a deadline by which Claimant was to cure her deficiencies and advised her that failure to cure the deficiencies would result in appropriate motion practice. After another delay of the arbitration, Respondents again demanded that Claimant cure her deficiencies. Respondents again advised Claimant that they would seek the rights and remedies afforded to them in motion practice. When Claimant sought yet another extension of time to respond, Respondents requested leave to move to dismiss this matter for failure to prosecute, providing further notice to Claimant that her failure to substantively respond to discovery and participate in the proceeding could result in dismissal. Despite this notice, Claimant continues to date in her failure to cure her deficiencies and failure to produce an executed HIPPA authorization form.

Respondents argue, therefore, that Claimant was on notice that her dilatory conduct and habitual stalling would result in motion practice, including dismissal.

Respondents assert that they are likely to be prejudiced by further delay. They contend that Claimant's improper delay tactics have deprived them of their right to a fair, just, and efficient adjudication of this matter. Respondents complain that, over the course of several years, they have been forced to expend large sums of money, time, and resources in defense of Claimant's charges, with no reasonable end in sight. Given that the arbitration alone has been stalled more than two years, and that Claimant's repeated delays are without justification, prejudice may be presumed. Respondents insist that Claimant has been afforded ample extensions of time in which to obtain new counsel, and that she is not entitled to an open-ended period of time for that purpose.

Respondents maintain that Claimant forfeited her right to a hearing because of her delay tactics. Respondents submit that Claimant's right to her "day in court" must be weighed in relation to the expenditure of time and resources not only of the parties, but of the arbitrator and of the American Arbitration Association. Respondents submit that Claimant has been afforded ample opportunity to continue this action to resolution but, by her continual delays and attempts to string the matter along indefinitely, has demonstrated that her desire to see resolution is outweighed by her desire to see Respondents expend time, money, and resources to defend themselves over the years, and has thereby forfeited her opportunity to continue the matter to resolution.

Respondents insist that lesser sanctions such as compelling Claimant to cure her discovery deficiencies and to execute and produce her executed HIPPA authorization are not appropriate at this delayed stage of the arbitration proceeding. Despite having been granted generous extensions of time, Claimant has sought to stall and delay at every turn, to the point of gross non-compliance. Respondents aver that Claimant's delays are so egregious that only dismissal is warranted.

Case 7:11-cv-09635-KMK   Document 84-1   Filed 11/07/16   Page 10 of 16

10

Respondents assert that Claimant's refusal to abide by the Scheduling Order warrants dismissal pursuant to Fed. R. Civ. Pro. 16(f). Respondents contend that all litigants, including *pro se* litigants, are required to comply with court orders and failure to comply may result in sanction, including dismissal with prejudice. Agiwal v. Mid Is. Mort. Corp., 555 F.3d 298, 302 (2d Cir. 2009). Fed. R. Civ. Pro. 16(f)(1) permits issuance of orders authorized by Fed. R. Civ. Pro. 37(b)(2)(A)(v), which explicitly provides for dismissal of an entire action if a party fails to obey an order or to permit discovery. Sanction can be imposed under Rule 37(b) only after being weighed in light of the full record of the case. Respondents argue that, here, the entire record of the case weighs fully in favor of dismissal. The Scheduling Order was executed only after innumerable delays at Claimant's request, and was then amended to accommodate Claimant's extension requests regarding her discovery responses. Nevertheless, Claimant refused to comply with the amended discovery deadlines, as her production was grossly deficient. In addition, Claimant failed to produce an executed HIPPA authorization form that would have enabled Respondents to duly obtain her medical records, which are at issue here because this matter concerns Claimant's alleged disability. Written discovery should have been completed by November 30, 2015, but remains uncompleted despite Respondents' current attempts to acquire written discovery documents from Claimant.

Respondents maintain that Claimant's egregious deficiency and refusal to adhere to the Scheduling Order meets the standard for dismissal under Fed. R. Civ. Pro. 37. They assert that the procedural history overwhelmingly supports dismissal. Claimant's willful disregard of any deadline, from inception of this matter to date, illustrates her persistent and purposeful obstructiveness. Respondents charge that Claimant has used procedural delay tactics to maximize the amount of time the matter is contested and to force Respondents to expend time, money, and resources over the course of several years. Respondents allege that Claimants' actions demonstrate her bad faith.

Respondents contend that they provided ample notice to Claimant that her failure to cure her discovery deficiencies, including her failure to produce an executed HIPPA authorization, would force them to engage in motion practice. In addition, Respondents'

seeking leave to file their Motion to Dismiss, which was granted, provided additional notice to Claimant that Respondents were seeking dismissal of the matter unless Claimant cured her deficiencies. Again, Claimant chose not to cure her deficiencies.

Respondents assert that they have been denied their right to an efficient and just resolution of this matter by Claimant's repeatedly stalling the arbitration, both by her numerous adjournment requests and by her failure to substantively participate in this arbitration, including the discovery process.

Respondents argue that Claimant's violations of the Scheduling Order warrant dismissal of this matter.

Respondents assert that they are entitled to reasonable attorneys' fees and costs under Fed. R. Civ. Pro. 16(f)(2) for Claimant's noncompliance. They seek dismissal of the arbitration matter and sanctions amounting to reasonable attorneys' fees and costs.

Claimant, on the other hand, argues that Respondents' Motion to Dismiss should be denied. Claimant asserts that Respondents have distorted facts and made false statements designed to mislead throughout their Motion to Dismiss, rehash arguments already heard and rejected by the arbitrator, and display gross hostility and disdain for every decision the Judge and the Arbitrator made that granted her requests for extensions of time and gave her the opportunity to bring her claims against them and proceed. Moreover, Claimant contends that Respondents demand that the arbitrator punish her for the Judge's and the arbitrator's decisions to grant her extensions of time for good cause.

Claimant asserts that her diligent efforts to obtain counsel have been stymied by her inability to pay for a lawyer. She states that, because her case has proceeded to the discovery phase, lawyers are unwilling to represent her on a contingency basis. Claimant asserts that the arbitrator denied her an extension of time to obtain a lawyer and therefore, she has been forced to proceed *pro se* in this very complicated case, against a team of lawyers assembled by Respondents.

Claimant maintains that her request for additional time was not an intentional tactic designed to delay her case. Rather, the request for additional time was caused by her former lawyer's failure to represent her and from his twice withdrawing from the proceeding, court interventions, and her need to obtain a lawyer. Claimant asserts that Respondents have demanded that the arbitrator not only dismiss her case, but that she dismiss it with prejudice and that the arbitrator severely punish her by requiring her to pay Respondents' attorneys' fees for the requests the Judge and the arbitrator granted her. Claimant characterizes the demand for costs and fees as harassment and abuse, and as a breach of Respondents' arbitration contract, which provides that she is not responsible for the costs of arbitration.

Claimant refutes Respondents' assertion that they have dutifully participated in the arbitration process. Claimant contends that DCH Auto Group refused to participate in the arbitration and only after receiving numerous phone calls and letters from the AAA did it respond by asserting that it was not her employer, refusing to participate in arbitration, and objecting to discovery requests and also that Lam and Fee refused to participate in discovery. Claimant asserts that the arbitrator failed to address her request of July 11, 2016, that she investigate her allegation that Respondents resisted arbitration from the outset, which demonstrates the arbitrator's lack of impartiality. Claimant Exhibit 5.

Claimant alleges that the arbitrator and Respondents knew that she was away, and while away was unable to respond because she had limited access to email, and although she informed them that she would respond as soon as possible after her return on July 19, 2016, Claimant asserts that Respondents and the arbitrator carried on communication without her, eventually leading the arbitrator to grant Respondents leave to submit a motion to dismiss her case. Respondents had previously requested that the parties participate in a telephonic conference with the arbitrator to discuss outstanding issues in the case or that they be granted leave to move to dismiss the case. Claimant complains that the arbitrator precipitously cancelled the proposed conference call and granted

Respondents' request for leave to move to dismiss the arbitration proceeding, further demonstrating a lack of impartiality.

Claimant explains that she has not produced an executed HIPPA authorization form because Respondents' request is overbroad and seeks material that is irrelevant to this proceeding. She contends that Respondents' request seeks to circumvent the protections afforded by law to confidential health records.

Claimant maintains that Respondents have not participated dutifully in the arbitration process. DCH Auto Group failed to submit an answer to the Demand for Arbitration until more than 120 days after the Demand was filed. Its answer to the Demand stated that DCH Auto Group was not, at any time, Claimant's employer and is therefore not the properly named respondent. Further, DCH Auto Group denies existence of an employment agreement and an arbitration agreement between it and Claimant. Claimant asserts that these statements stand in sharp contrast to those DCH Auto Group made to the Judge in SDNY in its effort to compel arbitration. Specifically, DCH Auto Group then asserted that, "[p]laintiff's claims must be dismissed, and/or arbitration compelled, because at the time she applied for employment with DCH Auto Group, Plaintiff signed an Arbitration Agreement which mandates that Plaintiff arbitrate any and all claims related to her employment." Claimant Exhibit 17. Claimant insists that DCH Auto Group's inconsistent statements constitute willful misconduct. Claimant submits that DCH Auto Group sought the benefits of the arbitration agreement with no intention of participating in arbitration. Claimant notes that Respondents contend that Claimant was an employee of DCH Midland LLC d/b/a DCH Pace BMW rather than DCH Auto Group, but have produced no evidence in support of its contention that the arbitration agreement does not apply to her claims against DCH Auto Group. Claimant avers that DCH Auto Group failed to abide by its own arbitration agreement and violated the court order compelling it to arbitrate, resulting in default. Claimant, therefore, seeks a default judgment against DCH Auto Group in the amount of $1,000,000.

On the entire record before me, Respondents' Motion to Dismiss Claimant's Amended Demand for Arbitration is granted.

Both before and after the arbitrator was appointed, Claimant requested and was granted numerous extensions of deadlines. In addition, because Claimant's lawyer twice withdrew as counsel in this matter, Claimant has requested and has been granted a number of temporary abeyances or extensions of time in which to retain new counsel. Claimant has not retained new counsel. Although she asserts that she is unable to afford counsel, Claimant has not indicated an intention to proceed without counsel. Claimant's position suggests no realistic expectation that she would not continue to seek additional extensions of time in which to retain new counsel, without success. Moreover, even after Respondents were granted leave to file a Motion to Dismiss, Claimant requested an extension of time in which to respond.

Respondents correctly point out that they are entitled to a just and efficient adjudication of this matter. The parties' dispute has been in arbitration approximately two and one-half years and has not proceeded beyond the discovery phase and Respondent has notified Claimant that her responses to discovery requests are deficient. Although Claimant asserts that she has not provided all that Respondents have asked for in discovery because they are not entitled to receive some of the requested materials, Claimant failed to seek timely relief. Similarly, Claimant asserts that Respondents have failed to meet some of its obligations, but Claimant failed to make these assertions prior to Respondents' seeking leave to move for dismissal of the amended demand for arbitration. Here too, Claimant failed to seek timely relief for any of Respondents' alleged deficiencies.

Respondents' assertion that they have expended a great deal of time and money in defense of the claims against them is presumed and unrebutted. Additional delay would increase the resources Respondents would be required to expend in its defense.

Case 7:11-cv-09635-KMK   Document 84-1   Filed 11/07/16   Page 15 of 16

15

Claimant was given notice that further delay could result in dismissal. Respondents advised Claimant that, if faced with additional delays caused by her requests it would engage in motion practice.

Given Claimant's continuing to request extensions of time, most recently after the date Respondents filed their Motion to Dismiss, and her continuing failure to cure her discovery deficiencies, there is little reason to expect that any measure short of dismissal would effectively move this matter forward.

Respondents have produced no evidence to refute Claimant's assertion that the arbitration agreement does not provide for an employee or former employee to pay the opposing party's attorneys' fees and costs.

Based on the foregoing, I issue the following:

## DISPOSITION OF MOTION TO DISMISS CLAIMANT'S AMENDED DEMAND FOR ARBITRATION

1. Respondents' Motion to Dismiss Claimant's Amended Demand for Arbitration is hereby GRANTED.

2. Claimant's Amended Demand for Arbitration, including all claims set forth therein, is hereby DISMISSED with prejudice as against Respondents DCH Auto Group, Bernard Fee, and Brian Lam.

3. Respondents' request for attorneys' fees and costs is hereby DENIED.

Dated: November 3, 2016
Delmar, New York

_____
SHEILA S. COLE, Impartial Arbitrator

## AFFIRMATION

STATE OF NEW YORK}
                    }ss.:
COUNTY OF ALBANY }

    I, SHEILA S. COLE, hereby affirm upon by oath as arbitrator that I am the individual described in and who executed this instrument, which is my Disposition of Motion to Dismiss Claimant's Amended Demand for Arbitration.

Dated: November 3, 2016
       Delmar, New York

                                            SHEILA S. COLE