GENOVA BURNS
ATTORNEYS-AT-LAW

Genova Burns LLC
30 Montgomery Street, 11th Floor, Jersey City, NJ 07302
Tel: 201.469.0100 Fax: 201.332.1303
Web: www.genovaburns.com

Kathleen Barnett Einhorn, Esq.
Partner
Member of NJ and NY Bars
keinhorn@genovaburns.com
Direct: 973-535-7115

December 12, 2016

**VIA ECF**

Honorable Kenneth M. Karas, U.S.D.J.
United States District Court, Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601

**Re: Lucia Marciano v. DCH Auto Group, et al.**
**Docket No.: 11-CV-9635 (KMK)**

Dear Judge Karas:

This firm represents defendants, DCH Auto Group ("DCH"), Brian Lam, and Bernard Fee (together "Defendants") in the above-referenced matter. Please accept this correspondence as Defendants' response to plaintiff, Lucia Marciano's ("Plaintiff") request that Your Honor vacate the November 3, 2016 Award handed down by the American Arbitration Association ("AAA"), which dismissed Plaintiff's claims against Defendants in their entirety. The arguments that Plaintiff proffer in support of her request are misleading, at best, and patently untrue, at worst. Indeed, Plaintiff's December 1, 2016 correspondence (Docket No. 85) is rife with inaccuracies and falsities made in an apparent attempt to paint Plaintiff as a victim – yet again – despite the reality of this matter's procedural history, which was detailed at length in Defendants' opposition to Plaintiff's request for default judgment (Docket No. 81). In short, not only did Plaintiff have ample – indeed, an abundant – amount

GENOVA BURNS ATTORNEYS-AT-LAW



of time to pursue her case in AAA, she had ample time to engage in discovery and to retain an attorney to handle her case. Plaintiff's routine stalling over the course of years has greatly prejudiced Defendants, and it has prevented them from obtaining a timely and just resolution to this matter. To that end, Plaintiff's behavior is best exemplified by her recent request for an extension of time to retain an attorney. As thoroughly addressed in Defendants' motion to dismiss, and again in its opposition to default judgment, (Docket No. 81), Plaintiff was *repeatedly* provided – in both AAA and by Your Honor – time in which to retain counsel. Despite these generous, and multiple, extensions, Plaintiff has made no attempt to move this matter to resolution. Accordingly, Arbitrator Cole rightly and lawfully dismissed Plaintiff's claims, in full, against Defendants. Nevertheless, Plaintiff has now sought to vacate the November 3, 2016 Award by arguing, *inter alia*, that Arbitrator Cole was biased. For the reasons set forth below, Plaintiff is not entitled to vacate the November 3, 2016 Award. Plaintiff's faulty and misleading arguments in this regard are addressed in turn below.

Moreover, as a supplement to Defendants' November 7, 2016 correspondence (Docket No. 84), in which Defendants requested that Your Honor remove this matter from the docket, please allow this correspondence to serve as support for Defendants' cross-motion to confirm the November 3, 2016 Award and to enter this Award as a final judgment against Plaintiff in favor of Defendants pursuant to the Federal Arbitration Act, 9 U.S.C. § 13. The

Certification of Kathleen Barnett Einhorn, Esq. ("Einhorn Cert."), with exhibits, is filed herewith, as is the proposed form of Order for the requested relief.

**ARGUMENT**

*i. This Court Found the Agreement Containing Binding Arbitration to Be Valid.*

In granting Defendants' motion to compel arbitration on March 31, 2014, this Court found that the Arbitration Agreement signed by Plaintiff was a valid agreement. (Docket No. 35). Thus, the clause contained in the Agreement that specifies binding arbitration is valid and enforceable. Therefore, it is axiomatic that the binding nature of the arbitration as stipulated in the Arbitration Agreement must be upheld and confirmed by this Court. Indeed, the first sentence of the valid Arbitration Agreement, signed by Plaintiff on January 10, 2009, states: "I acknowledge that the Company utilizes a system of alternate dispute resolution which involves **binding arbitration** to resolve all disputes which may arise out of the employment context." (See, Einhorn Cert., Ex. B) (emphasis added). The Agreement further states:

> I agree to the terms of this Agreement because of the mutual benefits (such as reduced expense and increased efficiency) which **private binding arbitration** can provide both the Company and myself.
>
> (Id.) (emphasis added).

Because Plaintiff explicitly agreed to this and similar provisions in the Agreement, the parties' arbitration with AAA was irrefutably binding. Thus, Plaintiff is not in a position to argue

GENOVA BURNS
ATTORNEYS-AT-LAW



against any of the terms of the Award. Simply put, the Award, which dismisses Plaintiff's claims against Defendants in this matter, is binding, enforceable, and final.

Indeed, Plaintiff stipulated as such when she agreed to and executed the Arbitration Agreement, which states:

> I agree that the arbitration and this Agreement shall be controlled by the Federal Arbitration Act. Any dispute shall be submitted for resolution to an impartial arbitrator selected by the Rules of the American Arbitration Association, **whose decision shall be final and binding and subject to confirmation in a court of competent jurisdiction.**
>
> (Id.) (emphasis added).

Thus, the binding decision of Arbitrator Cole must now be confirmed by this Court, and, accordingly, judgment must be entered against Plaintiff by dismissing this matter in its entirety, with prejudice. Moreover, to the extent that Plaintiff is attempting to vacate the arbitration Award on the grounds that there has been alleged misconduct, bias and/or prejudice, Plaintiff's claims manifestly fail in this regard, as outlined at length below.

*ii. Plaintiff Was Provided a Generous Amount of Time to Retain Counsel.*

Plaintiff claims that the Award should be vacated because it was difficult for her to retain counsel because she has been "severely prejudiced in arbitration" allegedly due to DCH's delays. Indeed, Plaintiff contends that because of that prejudice, attorneys were disinclined to take her case. First, this argument is inconsistent with Plaintiff's prior testimony






in this regard. In her October 18, 2016 letter to Your Honor, (Docket No. 80), Plaintiff argued that she could not retain counsel because she has "no resources to pay for a lawyer" and that "considering [her] case progressed to discovery," she could not find "a lawyer to take [her] case on contingency." At no time has Plaintiff expressed her inability to obtain a lawyer because of a prejudice experienced in arbitration due to DCH's alleged delays. Further, Plaintiff's complaint that Defendants have caused delays in the administration of this matter was thoroughly addressed in Defendants' opposition to Plaintiff's request for default judgment (Docket No. 81). As noted in that opposition, the procedural history of this matter clearly reveals that Defendants have not attributed to the unconscionable delay of the arbitration proceeding. (Id.) Rather, DCH filed its Answering Statement or about August 15, 2014 pursuant to AAA's correspondence dated July 31, 2014, which expressly permitted DCH to file on that date. (Id.) Thus, Defendants' adherence to administrative deadlines, plus their evidenced participation in the arbitration proceeding, illustrate that Defendants have been actively and timely engaged in this matter. (Id.)

Furthermore, Plaintiff argues that she is unable to retain a lawyer to aid her in this matter yet in her December 1, 2016 correspondence, Plaintiff states that she "**was told** that after a Court Order to compel arbitration DCH Auto Group's refusal to comply is a default." (Document No. 85) (emphasis added). Plaintiff does not elaborate on who told her this legal information but Plaintiff, in so stating, has openly admitted that she has been the recipient of

legal advice with respect to this matter. Thus, any claim made by Plaintiff – including her present claim – that she needs more time to obtain a lawyer or had difficulty in doing so is clearly disingenuous.

Additionally, as noted *supra*, Plaintiff has been repeatedly provided with extensions of time to obtain an attorney. In consideration of the fact that Plaintiff's requests for time have effectively stalled this matter to the point that, after years of arbitration, it is still in the written discovery phase of litigation, Plaintiff's failure to prosecute rightfully resulted in dismissal.

*iii.* *Defendants Participated in Discovery in Good Faith.*

Plaintiff's claim that Defendants "failed to participate in discovery in good faith" is patently untrue. Again, as noted in the procedural history set forth in Defendants' opposition to Plaintiff's request for default judgment, (Docket No. 81), Defendants provided written answers and more than 600 documents in response to Plaintiff's discovery requests. Further, Defendants intended to obtain Plaintiff's medical records in consideration of the fact that Plaintiff's claims were grounded, in part, on allegations concerning discrimination based on a disability. Despite their initial request for an executed HIPAA authorization form, Plaintiff did not provide same. In their deficiency letter to Plaintiff, Defendants provided a detailed explanation on why Plaintiff's responses were deficient, including the fact that she had failed to produce an executed HIPAA authorization form. (Id.) However, Plaintiff failed to cure her deficiencies. (Id.) After an abeyance where Plaintiff was given time, yet again, to find new

GENOVA BURNS ATTORNEYS-AT-LAW



counsel, Defendants again issued the deficiency notice to Plaintiff, who again failed to provide the executed HIPAA authorization form needed to obtain her records, or to otherwise cure her discovery deficiencies. (Id.) By noticing Plaintiff of her deficiencies, Defendants not only wanted to obtain the information to which they are entitled in order to mount a proper defense, but they also sought to move this action along to depositions and, ultimately, resolution. Thus, to the extent that Plaintiff states that "instantly, Defendants demanded that I do what they say and by their deadline," Plaintiff is correct that Defendants followed up with her regarding her deficiencies. Indeed, after this matter finally proceeded with administration, Defendants requested the Plaintiff cure her discovery deficiencies by a certain date, July 5, 2016 (Docket No. 81). In issuing this *second* notice of deficiency, Defendants requested that Plaintiff cure her discovery deficiencies within two (2) weeks, the customary and appropriate time in which to do so. (Id.) However, on July 4, 2016, just one (1) day prior to the date designated in which to cure, Plaintiff stated that she could not respond for another two (2) weeks. (Id.) Thus, it is clear that it was *Plaintiff*, and not Defendants, who continually refused to participate in the discovery process in good faith.

iv. *Plaintiff was Provided with Ample Notice of the Motion to Dismiss.*

Plaintiff's allegation that she did not have proper notice of Defendants' Motion to Dismiss is not only baseless, it is patently false. On July 12, 2016, in response to Plaintiff's July 11, 2016 email to AAA, in which Plaintiff arbitrarily complained that Defendants had

GENOVA BURNS
ATTORNEYS-AT-LAW



resisted participating in the arbitration process, Defendants opposed Plaintiff's arguments and requested leave from Arbitrator Cole to file a motion to dismiss. (Docket No. 81; Einhorn Cert., Ex. C). That letter was emailed to Plaintiff on July 12, 2016 at the same time it was emailed to AAA, (Docket No. 81), and it was also sent to Plaintiff by UPS Ground mail. Thus, Plaintiff was on notice that Defendants were seeking leave to file a motion to dismiss and that, if granted, they would proceed to file a dispositive motion. When Arbitrator Cole subsequently granted Defendants leave to file the motion to dismiss and set forth deadlines for same, (Docket No. 81), Plaintiff was again copied on that correspondence from AAA, and she was given as much notice as Defendants, who were copied on that same email, of the motion schedule. (Id.)

Additionally, when Defendants submitted their Notice of Motion to Dismiss and their pleadings for same, including certification, exhibits, and brief, to AAA, Plaintiff was simultaneously served with those documents on August 11, 2016. (See, Einhorn Cert., Ex. D). Accordingly, Plaintiff's complaint that she did not have "proper notice of Defendants' motion to dismiss" is utterly without merit. Not only did Plaintiff have due notice of the motion process, she *participated* in the motion process when she mounted her opposition to same. Accordingly, Plaintiff is not entitled to vacate the Award for lack of notice.

GENOVA BURNS ATTORNEYS-AT-LAW



*v.* *Defendants Did Not Participate in Ex Parte Communications.*

Plaintiff contends that she was denied due process in arbitration because she claims Defendants allegedly had *ex parte* communications with Arbitrator Cole. Specifically, Plaintiff claims that Defendants, *ex parte*, "asked the Arbitrator to decide whether or not they should give [her] notice of their motion to dismiss [her] case." As thoroughly addressed in Defendants' opposition to Plaintiff's request for default judgment, (Docket No. 81), Plaintiff completely misrepresents the facts. Defendants were given until August 18, 2016 to file their motion to dismiss. On August 8, 2016, Defendants' counsel emailed an *administrator* with AAA – not Arbitrator Cole – requesting clarification on an administrative issue, namely whether AAA required a proposed form of Order and a notice of motion. (See, Document No. 81). The August 8, 2016 email was then forwarded to Plaintiff by the same AAA administrator. (Id.) At no point did Defendants or their counsel communicate *ex parte* with the Arbitrator, nor did Defendants ask whether notice should be given to Plaintiff. (Id.) Rather, counsel merely asked an administrator whether AAA required a proposed form of Order and a formal notice of motion when submitting the motion pleadings. This request was made in light of the fact that notice of the motion was ***already*** given to Plaintiff, considering that Defendants requested leave to file a motion to dismiss which was granted by the Arbitrator who, in turn, provided a motion schedule, all of which was duly and timely noticed to Plaintiff. (See, Docket





No 81). Thus, Plaintiff's allegations in this regard are categorically false and must be dismissed.

*vi. Arbitrator Cole Did Not Exhibit Any Bias.*

Plaintiff's contention that Arbitrator Cole exhibited misconduct and, therefore, prejudiced Plaintiff is simply unrepresentative of the facts of this matter. As an initial matter, Plaintiff cites the fact that Arbitrator Cole denied her May 31, 2016 request for an extension of time to retain counsel as evidence of the Arbitrator's prejudice. However, Plaintiff conspicuously ignores the fact that since Arbitrator Cole was appointed to handle this matter on February 19, 2015, Plaintiff was granted three (3) lengthy extensions of time in which to obtain counsel. Indeed, on March 2, 2015, less than a month since her appointment, Arbitrator Cole granted Plaintiff a 60-day stay of administration. (See, Docket No. 81). On January 14, 2016, Your Honor granted Plaintiff until March 3, 2016 to advise the court whether she would retain new counsel or would proceed *pro se*. (Id.) On March 2, 2016, Plaintiff requested that the AAA arbitration be stayed for ninety (90) days so that she could secure new counsel. (Id.) On March 23, 2016, Arbitrator Cole granted Plaintiff's request and placed the matter in abeyance until May 31, 2016, with all deadlines similarly stayed. (Id.) On May 31, 2016, Plaintiff requested another sixty (60) day stay of the arbitration, which was denied by Arbitrator Cole on or about June 17, 2016. (Id.) Despite the ample amount of time provided to Plaintiff, Plaintiff did not retain new counsel. Thus, Arbitrator Cole correctly






ruled to continue with the administration of this matter in consideration of that fact that Plaintiff had been previously afforded multiple opportunities to retain counsel.

Further, Plaintiff's allegation that Arbitrator Cole exhibited misconduct when she refused to consider relevant and material evidence is egregiously misleading. When granting Defendants leave to file a motion to dismiss, Arbitrator Cole set forth a schedule for same. As noted *supra*, Plaintiff was copied on this ruling and had notice that her opposition to the Motion to Dismiss was due September 19, 2016. (See, Docket No. 81). Nevertheless, when Plaintiff filed her opposition to the Motion to Dismiss, she asked for additional time in which to produce documents with her opposition, specifically to September 24, 2016. (Id.) Notably, Arbitrator Cole granted Plaintiff until October 3, 2016 as the deadline to submit her documents. (Id.) However, one month later, on November 3, 2016, Plaintiff submitted even more documents to AAA in further support of her opposition. (See, Einhorn Cert., Ex. E). On that same day, November 3, 2016, Arbitrator Cole handed down her 16-page written opinion. (See, Document No. 84). Thus, it is clear that not only did Plaintiff have ample opportunity to mount her opposition to the Motion to Dismiss, but she was granted an extension of time to produce additional documents in her support. Indeed, it is evident that Arbitrator Cole considered the opposition mounted by Plaintiff, and the documents she submitted therewith, as Arbitrator Cole specifically noted Plaintiff's extension in her opinion. That Plaintiff arbitrarily, and without permission, submitted additional documents to AAA one

GENOVA BURNS
ATTORNEYS-AT-LAW



month after her extension deadline passed, on November 3, 2016, cannot form a basis for any alleged misconduct.[1] In short, Arbitrator Cole was not required to consider those documents, which were produced out of time and on the same day that Arbitrator Cole issued her substantive opinion. Accordingly, Plaintiff's allegations in this regard are groundless and cannot form a basis in which to vacate.

Additionally, Plaintiff's argument that the Award should be vacated because Defendants advised her that her employer at all relevant times was DCH Midland LLC d/b/a DCH Pace BMW is nonsensical and groundless. Defendants merely advised Plaintiff that she had named the wrong employer entity in this litigation, thereby giving Plaintiff multiple opportunities to correct her pleadings to name her correct employer, which she failed to do even as recently as September 29, 2015 when she amended her Demand for Arbitration. Further, Defendants proceeded not only with the underlying litigation with Your Honor but it also fully participated with arbitration, as exhaustively detailed in Defendants' opposition to Plaintiff's request for

[1] Plaintiff's complaint in this regard is representative of her behavior throughout this litigation. Plaintiff is not entitled to an open-ended timeframe in which to proceed by her own accord and in her own manner. Plaintiff was given a reasonable deadline in which to submit her opposition to Defendants' Motion to Dismiss. Nonetheless, Arbitrator Cole granted her a two (2) week extension to submit her documents. That Plaintiff is now complaining that additional documents, submitted out of time and without permission, were not considered by Arbitrator Cole is a fundamentally flawed argument. Conspicuously, the foundation of Defendants' Motion to Dismiss centered on the fact that Plaintiff is not entitled to extensively prolong this litigation, which is what she has been doing over the course of years. Thus, Plaintiff's present claims are in keeping with her chronic stalling tactics which has greatly prejudiced Defendants.





default judgment (Docket No. 81). While Plaintiff makes claims to the contrary, although Defendants advised Plaintiff of her correct employer entity, Defendants fully participated in and contributed to the administration of this matter. Rather, it was *Plaintiff* who has failed and refused to move forward to seek a timely resolution to this matter.

Finally, Plaintiff contends that Arbitrator Cole took adverse action against her because Plaintiff made a complaint to AAA that she believed Arbitrator Cole was engaging in misconduct. In so arguing, Plaintiff seems confused between AAA administration, to whom she complained, and Arbitrator Cole. There is no indication that AAA administration advised Arbitrator Cole of Plaintiff's complaint, nor has Plaintiff made this argument. Moreover, Plaintiff contends that she made her complaint about Arbitrator Cole on November 3, 2016, the same day that Arbitrator Cole issued her lengthy opinion. For this simple yet dispositive reason, Arbitrator Cole could not have been aware of the complaint or took the complaint into consideration when issuing her decision. Nevertheless, even assuming *arguendo* that Arbitrator Cole was aware of Plaintiff's complaint, there is no evidence that *but for* the complaint, Arbitrator Cole would have denied Defendants' Motion to Dismiss. To the contrary, Arbitrator Cole proffered a detailed analysis in her 16-page single spaced opinion on why she ruled in favor of Defendants and against Plaintiff (Docket No. 84). Conspicuously, Plaintiff does not challenge the substance of Arbitrator Cole's decision; however, it is





noteworthy that Arbitrator Cole found basis for the dismissal of the entirety of Plaintiff's claims soundly in the law.

In short, Plaintiff's allegations against Arbitrator Cole are unfounded and baseless. Plaintiff can point to no concrete evidence that Arbitrator Cole was biased against her or that she took any action to retaliate against her. Plaintiff's allegations in this regard are nothing more than a transparent attempt to continue this prolonged action against Defendants by getting a 'second bite at the apple.' Stated simply, Plaintiff is not entitled to do so.

*

For the foregoing reasons, Plaintiff is not entitled to vacate the November 3, 2016 Award. Indeed, Plaintiff cannot show that there was any partiality or that Arbitrator Cole was guilty of misconduct, as so required by 9 U.S.C. § 10. Rather, the procedural history of this matter illustrates the reality that Plaintiff was awarded multiple extensions to retain counsel; that she was given ample time to cure her discovery deficiencies; that Defendants' fully participated in the discovery process; that Plaintiff was given due notice of Defendants' intent to file the Motion to Dismiss; and that Arbitrator Cole conducted the arbitration in a fair and just manner. Any argument to the contrary amounts to nothing more than yet another attempt by Plaintiff to prolong this already exhausted matter indefinitely. Plaintiff is not entitled to string Defendants along over the course of years without taking action to timely and appropriately move this matter to resolution. Defendants' rights to a fair and efficient judicial

GENOVA BURNS
ATTORNEYS-AT-LAW



process have been jeopardized, and Arbitrator Cole correctly found grounds for dismissal. Accordingly, Defendants now request that the Court confirm the November 3, 2016 Award issued by AAA, which dismissed Plaintiff's claims against Defendants in their entirety. Indeed, Defendants now respectfully petition this Court to enter Judgment against Plaintiff by dismissing this matter, in its entirety, with prejudice.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's request to vacate the November 3, 2016 Award which dismisses Plaintiff's claims against Defendants in their entirety. Defendants additionally request that this Court grant Defendants' cross-motion by confirming the November 3, 2016 Award and entering Judgment against Plaintiff by dismissing her claims against Defendants in this matter, in their entirety, with prejudice.

Thank you for Your Honor's time and consideration.

Respectfully submitted,

**GENOVA BURNS LLC**

*s/ Kathleen Barnett Einhorn*
KATHLEEN BARNETT EINHORN

KBE:JXB/tc
Enclosures
c: Lucia Marciano (via ECF, electronic mail, and UPS Ground)
13772089v1(1686.018)