UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIA MARCIANO,

                          Plaintiff,

      -v-

DCH AUTO GROUP, BRIAN LAM, and
BERNARD FEE,

                          Defendants.

No. 11-CV-9635 (KMK)

OPINION & ORDER

Appearances:

Lucia Marciano
Larchmont, NY
*Pro Se Plaintiff*

Kathleen B. Einhorn, Esq.
Dena Calo, Esq.
Genova, Burns & Giantomasi & Webster
Newark, NJ
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

      Pro se Plaintiff Lucia Marciano ("Plaintiff") commenced this Action in 2011 against

DCH Auto Group ("DCH"), and later amended the Complaint to add Brian Lam ("Lam"), and

Bernard Fee ("Fee," and collectively, "Defendants") as Defendants.  Plaintiff alleged three

claims of workplace discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e et seq., (*see* Third Am. Compl. ¶¶ 114–17 (Dkt. No. 24)), the Americans with

Disabilities Act, 42 U.S.C. § 12101 et seq., (*see id.* ¶¶ 118–22), and New York's Human Rights

Law, N.Y. Exec. Law § 290 et seq., (*see id.* ¶¶ 123–28).  In July 2013, Defendants brought a

Motion To Compel Arbitration, (Dkt. No. 35), arguing that Plaintiff was contractually bound to

arbitrate the claims Plaintiff asserted in federal court. On March 31, 2014, the Court issued an

Opinion & Order granting Defendants' Motion To Compel Arbitration. (Dkt. No. 56.) The

Court stayed this Action pending the resolution of the arbitral proceedings. On November 3,

2016, Arbitrator Sheila S. Cole ("Arbitrator Cole") issued a decision (the "Arbitration Decision")

dismissing Plaintiff's demand for arbitration with prejudice. (*See* Disposition of Motion To

Dismiss Claimant's Amended Demand for Arbitration ("Arbitration Decision") (Dkt. No. 84).)[1]

Defendants have filed a Motion To Confirm the Arbitration Decision, (Dkt. No. 86), and Plaintiff

has filed a Motion To Vacate, (Dkt. No. 90). For the reasons to follow, Defendants' Motion is

granted, and Plaintiff's Motion is denied.

## I. Background

The focus of this Court's Opinion is on whether to confirm or vacate the Arbitration

Decision, and therefore, only the facts and background necessary to decide that issue are

recounted below.

### A. Factual Background

On April 16, 2014, Plaintiff filed a Notice of Demand for Arbitration with the American

Arbitration Association ("AAA") against DCH. (Arbitration Decision 3.) When Plaintiff filed

her Notice of Demand, she was represented by counsel. (*Id.* at 3–4.) DCH filed an answering

statement in August 2014. (*Id.* at 3.) On September 18, 2014, Plaintiff's counsel informed the

AAA that he was no longer representing Plaintiff. (*Id.* at 3–4.) On October 20, 2014, and

December 18, 2014, Plaintiff was granted extensions of time to obtain new counsel. (*Id.* at 4.)

The AAA informed Plaintiff that no further extensions would be granted. (*Id.*)

---

[1] There is a dispute as to the day on which Arbitrator Cole issued the Arbitration
Decision. The Court will explain that dispute in further detail below.

On February 19, 2015, the arbitration was assigned to Arbitrator Cole. (*Id.*) Plaintiff again sought to postpone the case until she could acquire new counsel. On March 2, 2015, Arbitrator Cole agreed to stay the proceeding for 60 days, but informed Plaintiff that no further such requests would be granted. (*Id.*) On May 5, 2015, the AAA advised the Parties that the 60 days had expired and requested that the Parties participate in a case management conference. (*Id.*) Arbitrator Cole held a scheduling conference on June 17, 2015, and on June 19, 2015 the Parties executed an order setting deadlines for certain discovery obligations. (*Id.* at 5.) At the time the June 17, 2015 scheduling conference was held, Plaintiff was again represented by her former counsel. (*Id.*)

On July 1, 2015, Plaintiff filed a Motion To Amend her Demand for Arbitration to include Lam and Fee as respondents. (*Id.*) Arbitrator Cole granted Plaintiff's motion. (*Id.*)

On October 27, 2015, the Parties executed an amended scheduling order. (*Id.*) Pursuant to the amended schedule, the Parties were required to provide responses to discovery requests by November 30, 2015. (*Id.*) On December 2, 2015, Defendants provided responses to Plaintiff's interrogatory requests and produced 616 documents to Plaintiff. (*Id.*) On December 18, 2015, Defendants notified Plaintiff that she failed to comply with her obligation to provide to Defendants certain documents and information, including an executed HIPPA authorization form, and requested that Plaintiff remedy these deficiencies by January 11, 2016. (*Id.*)

On February 2, 2016, Plaintiff's counsel again withdrew. (*Id.* at 6.) Plaintiff thereafter sought to stay the arbitration while she attempted to retain new counsel. (*Id.*) On March 23, 2016, the AAA placed the arbitration in abeyance until May 31, 2016. (*Id.*) On May 31, 2016, Plaintiff requested an additional 60-day extension. Arbitrator Cole denied this request on June 17, 2016. (*Id.*)

On June 21, 2016, Defendants again informed Plaintiff that she had not yet complied with her discovery obligations.  (*Id.*)  Defendants requested that Plaintiff remedy the deficiencies by July 5, 2016.  Plaintiff notified Defendants that she could not respond by that deadline, but would respond as soon as possible after July 19, 2016.  (*Id.*)

On July 19, 2016, Arbitrator Cole granted Defendants' request for leave to dismiss the arbitration.  (*Id.*)  Arbitrator Cole directed Defendants to file their motion by August 18, 2016.  (*Id.*)  Plaintiff was given until September 19, 2016 to respond.  (*Id.*)  On September 13, 2016, Plaintiff requested an extension of time.  (*Id.*)  Arbitrator Cole granted Plaintiff until October 3, 2016 to submit her opposition.  (*Id.*)  On that date, Plaintiff submitted her papers.  (*Id.*)  Arbitrator Cole issued the Arbitration Decision on November 3, 2016.

Arbitrator Cole, after recounting much of this procedural history and Plaintiff's numerous abeyance and extension requests, held:

> On the entire record before me, Respondents' Motion to Dismiss Claimant's Amended Demand for Arbitration is granted.
> Both before and after the arbitrator was appointed, Claimant requested and was granted numerous extensions of deadlines.  In addition, because Claimant's lawyer twice withdrew as counsel in this matter, Claimant has requested and has been granted a number of temporary abeyances or extensions of time in which to retain new counsel.  Claimant has not retained new counsel.  Although she asserts that she is unable to afford counsel, Claimant has not indicated an intention to proceed without counsel.  Claimant's position suggests no realistic expectation that she would not continue to seek additional extensions of time in which to retain new counsel, without success.  Moreover, even after Respondents were granted leave to file a Motion to Dismiss, Claimant requested an extension of time in which to respond.
> Respondents correctly point out that they are entitled to a just and efficient adjudication of this matter.  The parties' dispute has been in arbitration approximately two and one-half years and has not proceeded beyond the discovery phase and Respondent[s] ha[ve] notified Claimant that her responses to discovery requests are deficient.  Although Claimant asserts that she has not provided all that Respondents have asked for in discovery because they are not entitled to receive some of the requested materials, Claimant failed to seek timely relief.  Similarly, Claimant asserts that Respondents have failed to meet some of its obligations, but Claimant failed to make these assertions prior to Respondents' seeking leave to

move for dismissal of the amended demand for arbitration. Here too, Claimant failed to seek timely relief for any of Respondents' alleged deficiencies.

Respondents' assertion that they have expended a great deal of time and money in defense of the claims against them is presumed and unrebutted. Additional delay would increase the resources Respondents would be required to expend in [their] defense.

Claimant was given notice that further delay could result in dismissal. Respondents advised Claimant that, if faced with additional delays caused by her requests [they] would engage in motion practice.

Given Claimant's continuing to request extensions of time, most recently after the date Respondents filed their Motion to Dismiss, and her continuing failure to cure her discovery deficiencies, there is little reason to expect any measure short of dismissal would effectively move this matter forward.

(Arbitration Decision 14–15.)

B.  Procedural History

On November 7, 2016, Defendants notified the Court that Arbitrator Cole issued the Arbitration Decision.  (Dkt. No. 84.)  Defendants requested that the Court close Plaintiff's federal Action.  (*Id.*)  Plaintiff filed a letter in opposition, arguing that the Court should vacate the Arbitration Decision.  (Dkt. No. 85.)  Defendants thereafter filed a Motion To Confirm the Arbitration Decision.  (Dkt. No. 86.)  On January 30, 2017, Plaintiff filed a letter in opposition to Defendants' motion.  (Dkt. No. 90.)  After reviewing the Parties' submissions, it became evident that the Parties had submitted two documents purporting to be Arbitrator Cole's decision.  The Court issued an Order directing Defendants to file a letter explaining this discrepancy.  (Dkt. No. 91.)  On February 17, 2017, Defendants filed a response to the Court's Order.  (Dkt. No. 92.)  In the weeks that followed, Plaintiff filed several letters with the Court opposing Defendants' Motion To Confirm, and arguing that the Arbitration Decision should be vacated.  Plaintiff filed

a letter on March 16, 2017, two letters on March 30, 2017, and a final letter on April 26, 2017. (Dkt. Nos. 95, 99–100, 102.)[2]

## II.  Discussion

"It is well established that courts must grant an arbitration panel's decision great deference.  A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law."  *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003); *see also ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009) ("If the parties agreed to submit an issue for arbitration, [the Second Circuit] will uphold a challenged award as long as the arbitrator offers a barely colorable justification for the outcome reached." (internal quotation marks omitted)).  Pursuant to § 10(a) of the Federal Arbitration Act ("FAA"), a court may enter an order vacating an arbitration award under the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definitive award upon the subject matter submitted was not made.

---

[2] Plaintiff also submitted a letter on March 3, 2017.  (Dkt. No. 96.)  Some parts of Plaintiff's March 3 submission, however, were not legible so the Court granted Plaintiff permission to file with the Court a new copy of the letter.  (Dkt. No. 94.)  Plaintiff submitted a fully legible copy of the March 3 submission on March 16, 2017.  Plaintiff also, without Court permission, supplemented the submission.  (*Compare* Dkt. No. 95 *with* Dkt. No. 96.)  The Court therefore assumes that the letter submitted to the Court on March 16 fully replaces the March 3 submission.

9 U.S.C. § 10(a). The Second Circuit has clarified that "[a] court may also set aside an arbitration award if it was rendered in manifest disregard of the law." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 588 (2d Cir. 2016) (internal quotation marks omitted). The Court construes Plaintiff to be challenging the Arbitration Decision on seven different grounds: (1) Arbitrator Cole backdated the Arbitration Decision; (2) Arbitrator Cole failed to consider the evidence Plaintiff offered in opposition to Defendants' motion to dismiss the arbitration demand; (3) Arbitrator Cole was biased against Plaintiff; (4) Defendants engaged in ex parte communications with the AAA and Arbitrator Cole; (5) Defendants participated in arbitration in bad faith and defaulted on their obligations; (6) Arbitrator Cole should have further postponed the resolution of the arbitration proceeding; and (7) Arbitrator Cole displayed a manifest disregard of the applicable law. The Court addresses each of these arguments in turn below.

A. The Alleged Backdating of the Arbitration Decision

Plaintiff argues that the Court should vacate the Arbitration Decision because Arbitrator Cole engaged in misconduct by backdating the Arbitration Decision. (Letter from Plaintiff to Court (Jan. 29, 2017) ("Plaintiff's Second Letter") at unnumbered 2–3 (Dkt. No. 90).) The Parties have indeed submitted two different documents purporting to be the Arbitration Decision; one dated November 1, 2016, and the other dated November 3, 2016. (*Compare* Arbitration Decision *with* Plaintiff's Second Letter at unnumbered 10–25.) In response to an Order issued by the Court requesting an explanation for this discrepancy, Defendants contacted the AAA, which informed Defendants that "Arbitrator Cole submitted a decision dated November 1, 2016 to [the] AAA but that [the] AAA, upon reviewing the decision, identified two typographical errors." (Letter from Kathleen B. Einhorn, Esq., to Court (Feb. 17, 2017) 1 (Dkt. No. 92).) After noticing the typographical errors, the "AAA asked Arbitrator Cole to correct the[] mistakes and

she did so in her decision dated November 3, 2016." (*Id.*)  The AAA then mistakenly sent to Plaintiff the November 1 decision.  (*Id.* at 2.)  Nothing about this sequence of events suggests that the Arbitration Decision was backdated.  The Court, therefore, accepts the decision dated November 3, 2016, as Arbitrator Cole's final decision.

Along these same lines, Plaintiff argues that Defendants' communications with the AAA regarding the date on which the Arbitration Decision was issued were improper.  (Letter from Plaintiff to Court (Mar. 16, 2017) ("Plaintiff's Third Letter") 6–8 (Dkt. No. 95).)  She believes that Defendants were requesting a "clarification" of the award.  (*Id.* at 7.)  Defendants contacted the AAA at the direction of the Court to determine why the Plaintiff received a decision dated November 1, 2016.  The Defendants' communications with the AAA did not alter the Arbitration Decision in any way, and the AAA confirmed that it made a mistake by giving to Plaintiff the wrong decision.  Thus, the Court finds no wrongdoing on the part of Defendants, especially because the Court ordered Defendants to determine whether the AAA mistakenly issued two decisions.

Accordingly, the Court declines to vacate the award on the ground that the Arbitration Decision was improperly backdated.

### B.  Failure to Consider Plaintiff's Evidence

Plaintiff contends that Arbitrator Cole ignored pertinent evidence during the arbitration proceeding.  (*Id.* at 2.)  "A district court may vacate an arbitration award when the arbitration panel is 'guilty of misconduct in . . . refusing to hear evidence pertinent and material to the controversy.'"  *Max Marx Color & Chem. Co. Emps.' Profit Sharing Plan v. Barnes*, 37 F. Supp. 2d 248, 251 (S.D.N.Y. 1999) (quoting 9 U.S.C. § 10(a)(3)).  Plaintiff believes that Arbitrator Cole refused to consider certain evidence she submitted to the AAA on November 3, 2016.

(Plaintiff's Third Letter 2.)  The Court concludes that Arbitrator Cole was under no obligation to consider Plaintiff's November 3 submission because it was unsolicited and Plaintiff's deadline to submit documents and evidence in opposition to Defendants' motion to dismiss the arbitration demand had long since passed.  Plaintiff's opposition to Defendants' motion was originally due September 19, 2016, but Plaintiff was given an extension until October 3, 2016.  (*See* Arbitration Decision 6.)  Plaintiff submitted her opposition on October 3, and Arbitrator Cole considered the arguments Plaintiff made in her submission, as is evidenced throughout the Arbitration Decision. (*See id.* at 11–13.)  Arbitrator Cole did not err by declining to address Plaintiff's belated November 3 submission.  *Cf. Cabassa v. Oshier*, No. 11-CV-1237, 2015 WL 5094802, at *6 (N.D.N.Y. Aug. 28, 2015) ("The special solicitude that the [c]ourt is required to extend pro se [p]laintiff[s] does not extend so far as to warrant the consideration of [the] [p]laintiff's untimely filings." (italics omitted)).[3]  It is also highly likely that Arbitrator Cole had already rendered the Arbitration Decision before Plaintiff made her submission, given that the Arbitration Decision was issued on November 3.  Accordingly, the Court declines to vacate the Arbitration Decision on this basis.

C.  Arbitrator Cole's Bias

Plaintiff argues that Arbitrator Cole was biased against her.  (Plaintiff's Third Letter 2.) "Evident partiality may be found only where a reasonable person would have to conclude that an

---

[3] Nor does most of the "evidence" attached to Plaintiff's November 3, 2016 submission appear to be new.  At the end of the submission, Plaintiff states: "Please see attached relevant evidence: Notice of Demand for Arbitration[;] Letter from AAA 5-29-14[;] Letter from AAA June 16, 2014[;] Letter from AAA 7-23-16[;] Signed Answering Statement[;] DCH Auto Group letter to the Court 5-13-16."  (Plaintiff's Third Letter Ex. 1, at unnumbered 4.)  All of the evidence, except for DCH Auto Group's letter to the Court, was apparently authored by or submitted directly to the AAA, as is evidenced by the way in which Plaintiff described the documents.

arbitrator was partial to one party to the arbitration." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). "Although a party seeking vacatur must prove evident partiality by showing something more than the mere appearance of bias, proof of actual bias is not required." *Id.* (citation, alteration, and internal quotation marks omitted). However, "[a] showing of evident partiality must be direct and not speculative." *Id.* Plaintiff cannot meet this standard because there is absolutely no evidence of bias. Plaintiff's speculation that Arbitrator Cole was biased is an insufficient basis upon which to vacate the Arbitration Decision. Accordingly, the Court holds that no reasonable person could conclude that Arbitrator Cole was biased against Plaintiff.

D. Ex Parte Communications

Plaintiff argues that Defendants engaged in ex parte communications with Arbitrator Cole and the AAA, and that she was prejudiced by those communications. (Plaintiff's Third Letter 5; Letter from Plaintiff to Court (Mar. 30, 2017) ("Plaintiff's Fifth Letter") 3–5 (Dkt. No. 100).) Before filing the motion to dismiss Plaintiff's arbitration demand, Defendants contacted the AAA to determine whether Arbitrator Cole required a "Notice of Motion and a proposed form of order." (Plaintiff's Fifth Letter Ex. A, at unnumbered 4.) The AAA forwarded the message to Arbitrator Cole, who requested that Defendants file those documents. (*Id.* at unnumbered 3.) On August 11, 2016, Defendants mailed to the AAA their motion and supporting papers and submitted the same via email. (*Id.* at unnumbered 2.) The AAA thereafter requested that Defendants mail a hard copy of the documents directly to Arbitrator Cole. (*Id.*) Plaintiff contends that she was not included in any of these communications and was prejudiced because she does not know what information Defendants sent to Arbitrator Cole. (Plaintiff's Fifth Letter 3.) It is clear from the documents Plaintiff has submitted in support of

her Motion To Vacate the Arbitration Decision that Plaintiff received in the mail a copy of Defendants' motion to dismiss her arbitration demand on August 12, 2016. (*See* Plaintiff's Third Letter Ex. 7, at 1 ("I received respondents' dated August 11, 2016 motion to dismiss my case on August 12th.").)

To vacate an award on the basis of ex parte communications, Plaintiff must make a two-part showing: "First, the ex parte conversation must have deprived the petitioner of a fair hearing and influenced the outcome of the arbitration. Second, [the] petitioner must show that the subject matter of the conversation went to the heart of the dispute's merits." *Schwartz v. Merrill Lynch & Co., Inc.*, No. 09-CV-900, 2010 WL 517585, at *3 (S.D.N.Y. Feb. 8, 2010) (italics, alteration, citation, and internal quotation marks omitted), *aff'd*, 665 F.3d 444 (2d Cir. 2011). Plaintiff has not made this showing. First, many of the communications to which Plaintiff cites are between Defendants and the AAA and are therefore not ex parte communications between Defendants and Arbitrator Cole. Second, the emails contain procedural questions that had no bearing on the outcome of the arbitration. Finally, there is nothing untoward about Defendants mailing to Arbitrator Cole a copy of their motion papers after being explicitly directed to do so by the AAA. Plaintiff argues that she was prejudiced by these communications because she does not know what was mailed to Arbitrator Cole, but there is no basis in the record to conclude that Defendants sent to Arbitrator Cole anything but a copy of their motion to dismiss Plaintiff's arbitration demand, a copy of which Plaintiff also received. None of Defendants' communications can be said to have prejudiced Plaintiff. Accordingly, the Court declines to vacate the Arbitration Decision on this ground.[4]

_____

[4] The Court notes that Plaintiff may also be guilty of participating in ex parte communications. Almost all of Plaintiff's submissions are sent to the Court via fax, and, on at

E.  Defendants' Participation in Arbitration

The bulk of Plaintiff's submissions is spent on arguing that Defendants participated in arbitration in bad faith, failed to timely pay the arbitration fee, and wrongfully objected to Plaintiff's discovery demands.  (*See, e.g.*, Letter from Plaintiff to Court (Mar. 30, 2017) ("Plaintiff's Fourth Letter") 1 (Dkt. No. 99).)  Based on Defendants' conduct in arbitration, Plaintiff contends that not only should the Court vacate the Arbitration Decision, but also enter a default against Defendants.

Plaintiff commenced this Action in December 2011.  (*See* Dkt. No. 2.)  In the Complaint, Plaintiff named DCH as the only Defendant.  Plaintiff subsequently amended the Complaint to add Lam and Fee as Defendants.  (*See* Dkt. No. 15.)  Defendants moved to compel arbitration based on Plaintiff's employment agreement.  In Defendants' memorandum of law in support of that motion, Defendants noted that DCH was not Plaintiff's employer, but rather Plaintiff was employed by "DCH Midland LLC d/b/a/ DCH Pace BMW."  (Defs.' Mem. of Law in Supp. of Mot. To Compel Arbitration 1 n.1 (Dkt. No. 38).)  The Court granted Defendants' Motion To Compel Arbitration.  Plaintiff thereafter commenced the arbitration proceeding.  In response to Plaintiff's demand for arbitration, Defendant DCH asserted that it was not properly named as a respondent in the arbitration proceeding because it was never Plaintiff's employer.  (Plaintiff's Third Letter Ex. 4.)  Despite asserting that DCH was not properly named as a respondent, Defendants participated in the discovery process and turned over more than 600 documents in response to Plaintiff's discovery requests.  (*See* Defs.' Mem. of Law in Supp. of Mot. To Confirm Arbitration Decision 6 (Dkt. No. 86).)

---

least one occasion, Plaintiff contacted chambers to ask a question about a deadline.  It is unclear whether Defendants receive any of Plaintiff's submissions until the Court dockets them on ECF.

The Court finds no basis in the record to enter a default against Defendants. The record reveals that Defendants participated in the arbitration proceeding and Plaintiff is merely dissatisfied with Arbitrator Cole's decision. And, even if Defendants were in fact participating in the proceeding in bad faith or not complying with their obligations, Plaintiff's recourse was to alert Arbitrator Cole to Defendants' noncompliance. Indeed, it is evident from the Arbitration Decision that Plaintiff did alert Arbitrator Cole about Defendants' alleged noncompliance, but Arbitrator Cole found that Plaintiff's concerns were not timely raised. (*See* Arbitration Decision 14 ("Claimant asserts that Respondents have failed to meet some of [their] obligations, but Claimant failed to make these assertions prior to Respondents' seeking leave to move for dismissal of the amended demand for arbitration. Here too, Claimant failed to seek timely relief for any of Respondents' alleged deficiencies.").) The Court likewise finds no merit in Plaintiff's contentions. Accordingly, the Court declines to vacate the Arbitration Decision based on Defendants' alleged misconduct during the arbitration proceeding.

F.  Arbitrator Cole's Failure to Further Postpone the Arbitration Proceeding

"Section 10(a)(3) of the FAA provides in part that a federal court may vacate an arbitration award where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown." *Rai v. Barclays Capital Inc.*, 739 F. Supp. 2d 364, 371 (S.D.N.Y. 2010) (internal quotation marks omitted), *aff'd*, 456 F. App'x 8 (2d Cir. 2011). "When determining whether to vacate an arbitral award on these grounds, the court examines the facts and circumstances surrounding the arbitrator's refusal to grant an adjournment." *Id.* (alteration and internal quotation marks omitted). After reviewing the facts and circumstances, the Court concludes that Arbitrator Cole did not err in refusing to further postpone the arbitration

proceeding. This case was initiated in 2011 and Plaintiff was granted numerous extension requests throughout the life of these proceedings. (*See* Arbitration Decision 2–6.)

Plaintiff specifically attacks Arbitrator Cole's decision to permit Defendants to file a motion to dismiss, (*see, e.g.*, Plaintiff's Third Letter 5 ("The arbitrator denied Plaintiff proper notice and her right to be heard.")), but Plaintiff was given adequate notice of Defendants' motion, and adequate time to respond to the motion. It appears that Plaintiff is arguing that she should have been consulted before Defendants were given permission to file a motion to dismiss. Arbitrator Cole, however, was under no obligation to consult Plaintiff before permitting Defendants to file a motion. Moreover, even if Arbitrator Cole should have received input from Plaintiff before allowing Defendants' motion, Plaintiff was not harmed by any such failure because Plaintiff was given ample time to respond to the motion. Defendants filed their motion papers on August 11, 2016, and Plaintiff was given until October 3, 2016 to respond. (Arbitration Decision 1.) Accordingly, the Court declines to vacate the Arbitration Decision on the ground that Arbitrator Cole should have delayed the resolution of Plaintiff's claims any further.

### G. Manifest Disregard of the Law

"A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (citation, alteration, and internal quotation marks omitted). A court may vacate an arbitral award on the ground that the arbitrators manifestly disregarded the applicable substantive law "only if the court finds both that (1) the arbitrators knew of a governing legal principle yet

refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well

defined, explicit, and clearly applicable to the case." *Zurich Am.*, 811 F.3d at 589 (internal

quotation marks omitted). Even if a court disagrees with an arbitrator's determination, "the

award should be enforced . . . if there is a barely colorable justification for the outcome reached."

*T.Co Metals*, 592 F.3d at 339 (emphasis and internal quotation marks omitted).

The Court reads the Arbitration Decision to dismiss Plaintiff's claims for failure to

prosecute. The Second Circuit has noted "that dismissal for failure to prosecute is a harsh

remedy to be utilized only in extreme situations." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375

F.3d 248, 254 (2d Cir. 2004) (internal quotation marks omitted). Courts generally consider five

factors to determine whether dismissal is appropriate:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2)
> plaintiff was given notice that further delay would result in dismissal; (3) defendant
> was likely to be prejudiced by further delay; (4) the need to alleviate court calendar
> congestion was carefully balanced against plaintiff's right to an opportunity for a
> day in court; and (5) the trial court adequately assessed the efficacy of lesser
> sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (internal quotation marks omitted).

Arbitrator Cole discussed these factors and determined that dismissal was warranted because

Plaintiff sought numerous extension requests and failed to comply with her discovery

obligations, (*see* Arbitration Decision 14–15), despite the fact that Plaintiff was twice warned

that she must comply with her discovery obligations, (*see id.* at 5–6). Indeed, Plaintiff was first

notified that she had not fulfilled her discovery obligations in December 2015, (*see id.* at 5), but

never attempted to remedy her noncompliance. Plaintiff's noncompliance is particularly

worrisome because she asserted an ADA claim against Defendants, but declined to execute the

HIPPA authorizations Defendants requested. A threshold question under the ADA is whether

Plaintiff is disabled. Defendants were certainly within their rights to seek medical

documentation to verify Plaintiff's claim that she is disabled. But, because of Plaintiff's consistent refusal to provide this information, Defendants could not defend against Plaintiff's claims. *See Butler v. Burroughs Wellcome, Inc.*, 920 F. Supp. 90, 92 (E.D.N.C. 1996) ("In an action under the ADA, a plaintiff's medical history is relevant in its entirety. It is impossible to answer the most basic questions, such as whether the plaintiff was generally foreclosed from similar employment by reasons of a major life activity impairment, or otherwise qualified given a reasonable accommodation, or what a reasonable accommodation would have been, without full and complete access to the plaintiff's medical records."); *see also Gross v. Gen. Motors Corp.*, 252 F.R.D. 693, 696 (D. Kan. 2008) (holding that the defendant was prejudiced by the plaintiff's refusal to turn over medical records because the medical records were "essential" to the defendant's defense and relevant to the plaintiff's ADA claim), *aff'd*, 441 F. App'x 562 (10th Cir. 2011). The Court therefore concludes that Arbitrator Cole had a "colorable justification for the outcome reached." *T.Co Metals*, 592 F.3d at 339 (emphasis and internal quotation marks omitted). Accordingly, the Court declines to vacate the Arbitration Decision on this basis.

## III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's Motion To Vacate the Arbitration Decision and grants Defendants' Motion To Confirm the Arbitration Decision. The Clerk of Court is respectfully directed to terminate the pending motion, (Dkt. No. 86), and to close the case.

SO ORDERED.

Dated: April 27, 2017
White Plains, New York

KENNETH M. KARAS
United States District Judge

16